| | | |
|---|---|---|
| WILLIAM LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| C. CURRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

## I.  BACKGROUND

In this action filed on October 21, 2021, pursuant to 42 U.S.C. §§ 1983, pro se Plaintiff William Lindsey ("Plaintiff"), a prisoner of the State of North Carolina currently incarcerated at Eastern Correctional Institution ("Eastern CI") in Maury, North Carolina, purports to bring claims arising out of events occurring at Albemarle CI in New London, Stanly County, North Carolina, and Central Prison in Raleigh, Wake County, North Carolina.[1]  Plaintiff names C. Curry, identified as a correctional officer at Albemarle CI, as a

---

[1] Stanly County is in the Middle District and Wake County is the Eastern District.

Defendant in this matter in his individual and official capacities.[2]  [Doc. 1 at 2].  Plaintiff alleges that, on August 16, 2021, Defendant Curry assaulted him "mentally and physically" and then placed Petitioner in solitary confinement. Plaintiff was then transferred to Central Prison in Raleigh, North Carolina, where he was also sent to solitary confinement. He remained there for 58 days "for no apparent reason."  Plaintiff alleges "they dropped the write up." Plaintiff was then transferred to Eastern CI to the regular population "in a messy room with no windows." [Id. at 5].  Plaintiff does not allege a particular constitutional violation.  For relief, Plaintiff seeks monetary relief to pay for mental health treatment he needs due to the alleged conduct.  [Id.].

## II.   DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as

---

[2] Plaintiff also lists the State of North Carolina and the North Carolina Department of Public Safety (NCDPS) in the case caption in this matter, but he does not otherwise identify these entities as Defendants in the Complaint.  [See Doc. 1 at 1-3].

provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here seems to be the Middle District of North Carolina. Moreover, there is no indication that Defendant Curry resides in this District. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Middle District of North Carolina. The Court will transfer this action to the Middle District of North Carolina.

### III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Middle District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Middle District of North Carolina.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge